### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

| | |
|---|---|
| **LAURA MARIE GERMAK,** | ) |
| **on behalf of herself and all others** | ) |
| **similarly situated,** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) |
| | ) |
| **HYATT HOTELS CORPORATION, HYATT** | ) |
| **CORPORATION, HT-MIAMI BEACH, LLC,** | ) |
| **and THE CONFIDANTE MIAMI BEACH,** | ) |
| | ) |
| **Defendants.** | ) |

### CLASS ACTION COMPLAINT

#### Preliminary Statement

Plaintiff Laura Marie Germak, on behalf of herself and all others similarly situated, brings this complaint against Defendants Hyatt Hotels Corporation, Hyatt Corporation, HT-Miami Beach, L.L.C., and The Confidante Miami Beach (collectively, "Defendants" or "Hyatt"), and complains and alleges upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys, and says:

### I.     NATURE OF THE CASE

1.     This is a consumer class action brought on behalf of people who, from four years prior to filing of this Complaint through and including the date of judgment (the "Class Period"), purchased food and/or drinks at a restaurant, bar, mini-bar, lounge and/or other public food service establishment owned, operated and/or controlled by Defendants in the State of Florida and were charged a gratuity or service charge in violation of Florida Statute 509.214, and/or in violation of

1

the Miami-Dade County Code of Ordinances, Sec. 8A-110.1(1) for the properties in Miami-Dade County, and the Florida Unfair Deceptive Trade Practices Act, Fla. Stat. Ann. 501.201 *et seq.* ("FDUTPA"). Defendants violated these Florida statutes in a number of ways, including but not limited to: unlawfully including an automatic, mandatory gratuity or service charge of an amount equal to or approximately 20% of the charges for food and beverages without providing the statutorily required notice; and/or presenting the notice of an automatic gratuity or service charge in small, hard to read type .

## II.   <u>JURISDICTION AND VENUE</u>.

2.   The Court has original jurisdiction of this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because a member of the Plaintiff Class is a citizen of a state different from the Defendant's home state, and the aggregate amount in controversy exceeds five million dollars ($5,000,000.00), exclusive of interest and costs.

3.   Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(a), (b), and (c) because the events giving rise to these claims occurred in the Southern District of Florida; Defendants and/or their agents were doing business in Florida; and/or Defendants are otherwise subject to personal jurisdiction in this judicial district.

4.   The Court has personal jurisdiction over Defendants because the conduct giving rise to Plaintiff's claims occurred in Florida and Defendants conduct business transactions in Florida.

## III.   <u>PARTIES</u>

5.   Plaintiff Laura Germak is a citizen and resident of New York.

6.   Defendant Hyatt Hotels Corporation is a Delaware corporation with its principal place of business in Illinois. Hyatt Hotels Corporation owns, operates, manages, franchises and/or

controls sixty hotel properties in the State of Florida, including The Confidante Miami Beach. Hyatt Hotels Corporation is the parent company of Hyatt Corporation.

7. Defendant Hyatt Corporation is a Delaware corporation with its principal place of business in Illinois. Hyatt Corporation is a subsidiary of Hyatt Hotels Corporation. Hyatt Corporation owns, operates, manages, franchises and/or controls ten hotel properties in the State of Florida, including The Confidante Miami Beach.

8. Defendant HT-Miami Beach, L.L.C. is a Delaware limited liability corporation with its principal place of business in Illinois. HT-Miami Beach, L.L.C., maintains Permanent Food Service, Retail Beverage and Hotel licenses in connection with operations of The Confidante Miami Beach. HT-Miami Beach, L.L.C., owns the property located at 4041 Collins Avenue in Miami, where The Confidante Miami Beach is located.

9. Defendant The Confidante Miami Beach is a hotel in Miami, Florida, located at 4041 Collins Avenue. The Confidante is owned, operated, managed franchised and/or controlled by Defendants Hyatt Corporation and HT-Miami Beach, L.L.C.

## IV.   FACTUAL ALLEGATIONS

10. Throughout the Class Period, Defendants owned, operated, managed, franchised and/or controlled sixty hotel properties in the State of Florida including:

- Chesterfield Hotel Palm Beach
- Grand Hyatt Tampa Bay
- Hyatt Centric Brickell Miami
- Hyatt Centric Key West Resort & Spa
- Hyatt Centric Las Olas Fort Lauderdale
- Hyatt Centric South Beach Miami
- Hyatt House across from Universal Orlando Resort
- Hyatt House Fort Lauderdale Airport – South & Cruise Port
- Hyatt House Miami Airport
- Hyatt House Naples/5th Avenue
- Hyatt Place across from Universal Orlando Resort
- Hyatt Place Boca Raton/Downtown

- Hyatt Place Coconut Point
- Hyatt Place Daytona Beach – Oceanfront
- Hyatt Place Delray Beach
- Hyatt Place Fort Lauderdale Airport – South & Cruise Port
- Hyatt Place Fort Lauderdale Cruise Port
- Hyatt Place Fort Lauderdale/Plantation
- Hyatt Place Fort Myers at the Forum
- Hyatt Place Jacksonville/St. Johns Town Center
- Hyatt Place Jacksonville Airport
- Hyatt Place Lake Mary/Orlando-North
- Hyatt Place Lakeland Center
- Hyatt Place Marathon/Florida Keys
- Hyatt Place Melbourne/Palm Bay
- Hyatt Place Miami Airport-East
- Hyatt Place Miami Airport-West/Doral
- Hyatt Place Orlando Airport
- Hyatt Place Orlando/Convention Center
- Hyatt Place Orlando/Lake Buena Vista
- Hyatt Place Pensicola Airport
- Hyatt Place Sandestin/at Grand Boulevard
- Hyatt Place Sarasota/Lakewood Ranch
- Hyatt Place Sarasota/Bradenton Airport
- Hyatt Place St. Petersburg/Downtown
- Hyatt Place Tampa Airport/Westshore
- Hyatt Place Tampa Wesley Chapel
- Hyatt Place Tampa/Busch Gardens
- Hyatt Place Titusville/Kennedy Space Center
- Hyatt Place West Palm Beach/Downtown
- Hyatt Regency Clearwater Beach Resort and Spa
- Hyatt Regency Coconut Point Resort and Spa
- Hyatt Regency Coral Gables
- Hyatt Regency Grand Cypress
- Hyatt Regency Jacksonville Riverfront
- Hyatt Regency Miami
- Hyatt Regency Orlando
- Hyatt Regency Orlando International Airport
- Hyatt Regency Sarasota
- Hyatt Residence Club Bonita Springs, Coconut Plantation
- Hyatt Residence Club Key West, Beach House
- Hyatt Residence Club Key West, Sunset Harbor
- Hyatt Residence Club Key West, Windward Pointe
- Hyatt Residence Club Sarasota, Siesta Key Beach
- Lennox Miami Beach
- The Betsy South Beach

- The Celino South Beach
- The Confidante Miami Beach
- The Pillars Hotel
- The Plymouth South Beach

11.     Of the above-named hotels, 12 are located in Miami-Dade County, including: Hyatt Centric Brickell Miami, Hyatt Centric South Beach Miami, Hyatt House Miami Airport, Hyatt Place Miami Airport-East, Hyatt Place Miami Airport-West/Doral, Hyatt Regency Coral Gables, Hyatt Regency Miami, Lennox Miami Beach, The Betsy South Beach, The Celino South Beach, The Confidante Miami Beach, and The Plymouth South Beach.

12.     Upon information and belief, each of the Hyatt hotels in the State of Florida, including The Confidante Miami Beach, is a public food service establishment, including public food service establishments located on the premises such as restaurants, lounges, bars, grills, etc. Hereinafter, such establishments located at Hyatt hotels will be referred to as "restaurants."

13.     Defendants also provide food, drinks, and other snacks available for purchase in customers' hotel rooms through the use of room service and mini-bars.

14.     Fla. Stat. 509.214 concerns "notification of automatic gratuity charge" and provides: "Every public food service establishment which includes an automatic gratuity or service charge in the price of the meal shall include on the food menu and on the face of the bill provided to the customer notice that an automatic gratuity is included."

15.     FDUTPA, Fla. Stat. 501.204(1), declares "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce" to be unlawful.

16.     Miami-Dade County Code of Ordinances, Sec. 8A-110.1(1) states:

Each business shall provide notice of (A) whether the business includes an automatic tip in its bill, and if so, the amount or method of calculation of the automatic tip . . . This notice shall be posted conspicuously, either on a sign or in a

statement on the business's menu or price listing in the same form and manner as the other items on the menu or price listing, and written in a legible manner in English, Spanish and Creole. (Ord. No. 99-163, § 1, 12-7-99) (emphasis added).

**A.**   **Factual Allegations Regarding Hyatt's Deceptive Practices**

17.    Defendants violate Florida law at the restaurants in their hotels in the State of Florida by failing to provide adequate notice on the restaurant's menu that an automatic, mandatory gratuity or service charge of any amount would be added to customers' checks.

18.    Upon information and belief, Defendants violate Florida law in numerous restaurants in their hotels in the State of Florida by failing to provide any notice whatsoever on the restaurant's menu that an automatic, mandatory gratuity or service charge of any amount would be added to customers' checks.

19.    Defendants' hotels located in Miami-Dade County violate Miami-Dade County Ordinances by failing to provide notice on either a sign in the restaurant or on the restaurant's menu, in the same form and manner as the other items on the menu, and written in a legible manner in English, Spanish and Creole.

20.    Defendants violate Florida law at these restaurants through a variety of deceptive practices, including but not limited to:

a.    Failing to provide any notice or otherwise disclose on the restaurant's menu that an automatic gratuity or service charge of any amount would be added to a customer's check;

b.    Failing to provide adequate notice on the restaurant's menu that an automatic gratuity or service charge of any amount would be added to a customer's check because the notice provided is written in small type, often in a difficult to read italicized font;

c.    Failing to provide adequate notice on the restaurant's menu that an automatic gratuity or service charge of any amount would be added to a customer's check because the notice provided is only found on one page of a multi-page menu; and

d.      Placing a line item for a service charge on a customer's check, while also deceptively including a line below the total allowing a customer to add a "Tip," causing confusion as to the nature of the service charge.

**B.      Factual Allegations Regarding Plaintiff's Experiences at The Confidante**

21.      From October 6, 2020 through October 11, 2020, Laura Marie Germak ("Plaintiff or "Representative Plaintiff") stayed at the Confidante Miami Beach hotel, located in Miami, Miami-Dade County, Florida, and ordered food and/or drinks from the restaurants located in the hotel on multiple occasions.

22.      On October 7, 2020, Plaintiff went to a restaurant located in the Confidante Miami Beach hotel. The restaurant displayed the restaurant's menu along with a QR code on a single television screen by the bar that brought up an electronic version of the restaurant's menu on her smartphone by using the device's camera.

23.      Plaintiff ordered food and drink items from the menu presented to her on the television screen.

24.      When she was done eating, Plaintiff was presented with a restaurant bill ("the check"). The check appeared to indicate that the restaurant was named "Soiree."

25.      An automatic service charge of 20% was included with the charges for food and beverages on the check, under the subtotal for the meal items, listed as "20% SVC CHG."

26.      Plaintiff did not see any notice on the restaurant's menu she reviewed that an automatic gratuity or service charge of any amount would be added to Plaintiff's check.

27.      Plaintiff was unaware that an automatic gratuity or service charge would be placed on her check.

28.      Plaintiff paid the check in full by charging it to her hotel room, and adding a tip, in

addition to the service charge, on a line provided on the check for the customer leave a "Tip."

29.      On October 9, 2020, Plaintiff returned to the same restaurant located in The Confidante, reviewing the menu on her smart phone after using the QR code provided by the restaurant to bring the menu up on her device.

30.      Plaintiff ordered food and drink items from the menu presented to her using her smartphone.

31.      When she finished eating, Plaintiff was presented with her check, which included an automatic 20% service charge under the subtotal for the meal items, listed as "20% SVC CHG." The check indicated the name of the restaurant was "Soiree."

32.      Plaintiff did not see any notice on the restaurant's menu she reviewed that an automatic gratuity or service charge of any amount would be added to Plaintiff's check.

33.      Plaintiff was unaware that an automatic gratuity or service charge would be placed on her check.

34.      Plaintiff paid for this meal with a credit card, receiving a credit card signature slip that included a line for "Tip." Plaintiff left a tip in the space provided and paid the check in full.

35.      On October 10, 2020, Plaintiff ordered in-room food service from her hotel room, ordering items from the same menu provided to her smartphone using the QR code presented in the hotel's restaurant.

36.      Plaintiff ordered food and drink items from the menu she had reviewed using her smartphone.

37.      When her food arrived, Plaintiff was presented with her check, which included an automatic 20% service charge under the subtotal for the meal items, listed as "20% SVC CHG." The check indicated the name of the restaurant was "Soiree."

38.     Plaintiff did not see any notice on the restaurant's menu she reviewed that an automatic gratuity or service charge of any amount would be added to Plaintiff's check.

39.     Plaintiff was unaware that an automatic gratuity or service charge would be placed on her check.

40.     Plaintiff paid the check in full by charging it to her hotel room.

41.     Later in the day on October 10, 2020, Plaintiff was at the hotel pool and wanted to order food and drink items. The server in the pool area wore a badge that included a QR code that caused the same menus to be displayed on Plaintiff's smartphone.

42.     Plaintiff ordered food and drink items from the menu presented to her on her smartphone.

43.     When she finished eating, Plaintiff was presented with her check, which included an automatic 20% service charge under the subtotal for the meal items, listed as "20% SVC CHG. The check indicated the name of the restaurant was "Beach."

44.     Plaintiff did not see any notice on the restaurant's menu she reviewed that an automatic gratuity or service charge of any amount would be added to Plaintiff's check.

45.     Plaintiff was unaware that an automatic gratuity or service charge would be placed on her check.

46.     Plaintiff paid for this meal with a credit card, receiving a credit card signature slip that included a line for "Tip." Plaintiff left a tip in the space provided and paid the check in full.

47.     On October 11, 2020, Plaintiff returned to the same restaurant located in The Confidante, again reviewing the menu on her smart phone after using the QR code provided by the restaurant to bring the menu up on her device.

48.     Plaintiff ordered food and drink items from the menu presented to her using her

smartphone.

49.     When she finished eating, Plaintiff was presented with her check, which included an automatic 20% service charge under the subtotal for the meal items, listed as "20% SVC CHG." The check indicated the name of the restaurant was "Soiree."

50.     Plaintiff did not see any notice on the restaurant's menu she reviewed that an automatic gratuity or service charge of any amount would be added to Plaintiff's check.

51.     Plaintiff was unaware that an automatic gratuity or service charge would be placed on her check.

52.     Plaintiff paid the check in full by charging it to her hotel room, and adding a tip, in addition to the service charge, on a line provided on the check for the customer leave a "Tip."

53.     At no point did Plaintiff see a sign located within the restaurant premises, nor anywhere else within The Confidante, notifying customers that an automatic, mandatory service charge or gratuity would be added to customer checks.

54.     The improper activities and conduct by Defendants alleged herein is continuing and will be repeated in the future.

55.     Plaintiff faces an actual and imminent threat of future injury because Defendants' improper conduct continues, and she is unable to rely on Defendants' compliance with applicable law in the future. If Defendants conformed their conduct to comply with Florida law, Plaintiff would consider purchasing food and/or beverages from Defendants' restaurants in the future.

56.     The acts alleged against Defendants that are the subject of the class action were authorized, ordered, or done by their officers, directors, agents, employees, and/or representatives, including but not limited to persons involved in the operation, management, control and/or licensing of restaurants and bars inside the hotel while actively engaged in the operation of

10

Defendants' businesses.

## V.     CLASS ACTION ALLEGATIONS

57.     The Representative Plaintiff brings this action individually and as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following Class:

> All persons who were customers of a public food service establishment at a Hyatt hotel in Florida during the Class Period and were billed and paid for food and/or beverages and the bill included an automatic gratuity or service charge.

58.     Excluded from the Class are Defendants and their officers, directors, agents, employees, counsel and their subsidiaries and affiliates; Class Counsel, employees of Class Counsel's firm and associated law firm, and Class Counsel's immediate family members; the presiding Judge and Magistrate Judge and their immediate family members; and all persons who make a timely election to be excluded from the Class.

59.     The members of the Class are so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendant, Plaintiff avers, upon information and belief, that Defendant served and charged hundreds of thousands of customers during the class period.

60.     There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members.  The common questions include whether:

a.     Defendants engaged in the conduct alleged herein;

b.     Defendants decided to or agreed to add a hidden automatic gratuity or service charge to restaurant and bar bills;

c.     Defendants violated Florida statutory law by adding hidden automatic gratuity or service charges to restaurant and bar bills;

d.     Defendants used unfair methods of competition, unconscionable acts or

practices, and unfair or deceptive acts or practices in the conduct of their hotel businesses;

        e.    Defendants made a material representation, omission, and/or engaged in practices likely to mislead people acting reasonably in the circumstances, to their detriment;

        f.    Defendants' conduct violates consumer protection statutes, trade practices statutes as asserted herein;

        g.    Defendants' conduct was part of a pattern or practice;

        h.    Plaintiff and Class Members overpaid for their food and beverages at Defendants' hotels and, if so, by how much;

        i.    Plaintiff and Class Members could reasonably have avoided the injury and harm;

        j.    Plaintiff and Class Members are entitled to equitable relief, including, but not limited to, declarative and injunctive relief and restitution; and

        k.    Plaintiff and Class Members are entitled to actual damages and other monetary relief.

61.    Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

62.    The Representative Plaintiff will fairly and adequately protect the interests of the Class. Representative Plaintiff is committed to vigorously litigating this matter and has retained counsel who have litigated numerous class action lawsuits including cases involving unlawful business practices claims. Neither Representative Plaintiff nor his counsel have any interests which might keep them from vigorously pursuing the claims or protecting the interests of all Class Members.

63.    This action should be maintained as a class action because the prosecution of

separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

64.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of the claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claim.

65.     A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class Members in individually controlling the prosecution of separate claims against Defendants is slight because of the sheer number of claims against the Defendants and complexity of the matter.

66.     Management of the Class's claims is likely to present significantly fewer difficulties than those presented by massive numbers of individual claims. The identities of the Class Members may be obtained from Defendant's records.

**VI.     CAUSES OF ACTION**

**COUNT I**
**Violations of the Florida Unfair and Deceptive Trade Practices Act**

67.     Defendants own, operate, manage, franchise and/or control public food service establishments located in their hotels under Fla. Stat. § 509.214.

68.     Defendants conduct trade or commerce under Fla. Stat. § 501.202(2).

69.     Defendants' restaurants include an automatic, mandatory gratuity or service charge in the price of all food and beverages served at restaurants, bars, lounges and/or food service

establishments in their hotels.

70.     Defendants violated Florida law by failing to include on the restaurant and bar menus, and on the face of bills provided to the customers, adequate notice that an automatic gratuity or service charge is also included.

71.     Defendants either provide no notice, whatsoever, that an automatic, mandatory service charge or gratuity will be added to customers' checks, or they include notice in a manner and form that is deceptive and inadequate to inform customers that such charges will be added to their checks.

72.     Defendants' acts and omissions constitute violations of Fla. Stat. § 509.214, found under Title XXXIII which sets forth the Regulation of Trade, Commerce, Investments, and Solicitations.

73.     Fla. Stat. § 509.214 is a rule or regulation related to trade or commerce that requires the disclosure of certain automatic charges that a customer must pay.

74.     Defendants violated Florida law by engaging in the following conduct:

   a.   unfair, deceptive and/or unconscionable practices in the conduct of trade or commerce by adding automatic, mandatory gratuities or service charges without adequate disclosure to customers including Plaintiff and the Plaintiff class;

   b.   unfair, deceptive and/or unconscionable practices in the conduct of trade or commerce by adding automatic, mandatory gratuities or service charges without adequate disclosure because the notice is written in small, difficult to read type;

   c.   unfair, deceptive and/or unconscionable practices in the conduct of trade or commerce by adding automatic, mandatory gratuities or service charges without adequate disclosure because the notice provided is only found on one page of a multi-page menu;

   d.   unfair, deceptive and/or unconscionable practices in the conduct of trade or commerce by charging automatic, mandatory gratuities or service charges without adequate notice, and including a line below the check's total allowing a customer to add a "Tip" causing confusion about the nature of the automatic charge;

   e.   falsely representing that higher charges for food and beverages were part of the cost

14

of the food and/or beverages ordered by Plaintiff and the Plaintiff class;

f.   failing to disclose the automatic gratuities or service charges;

g.   failing to disclose the nature of the automatic charges added to a customer's check, whether a service charge paid to the restaurant or a gratuity paid to the restaurant server;

h.   otherwise using false, deceptive, misleading and unfair or unconscionable means to overcharge for food and beverages.

75.   Injury, loss and damages were likely as a result of the failure to adequately disclose the automatic, mandatory gratuities or service charges.

76.   Defendants' acts and practices described above were done with intentional and/or negligent disregard for Plaintiffs' rights under the law and with the purpose of taking more money from Plaintiff and Class Members than the fair market value reflected in the menu price for food and beverages.

77.   Upon information and belief, these acts and omissions are part of a pattern of corporate practices and procedures occurring at Defendants' hotels throughout the State of Florida.

78.   Defendants were engaged in the unconscionable, unfair, and deceptive acts set forth in this Complaint in the conduct of trade or commerce.

79.   The information related to automatic, mandatory gratuities or service charges Defendants withheld and failed to disclose on their menus was material.

80.   Defendants acts and practices described are objectively likely to mislead customers like Plaintiff and Class Members acting reasonably in the same circumstances.

81.   Defendants' conduct and practices described above offend established public policy and are immoral, unethical, oppressive, unscrupulous and substantially injurious to consumers.

82.   As a direct and proximate result of Defendants' unfair and deceptive trade practices,

15

Plaintiff and Class Members suffered actual damages and are entitled to obtain the relief requested as set forth below.

### COUNT II
### *Per Se* Violations of the Florida Unfair and Deceptive Trade Practices Act

83.     Defendants own, operate, manage, franchise and/or control public food service establishments located in its hotels under Fla. Stat.  509.214.

84.     Defendants' restaurants include an automatic gratuity or service charge in the price of all food and beverages served at restaurants, bars, lounges and/or food service establishments in their hotels.

85.     Defendants violated Florida law by failing to include on the restaurant and bar menus, and on the face of bills provided to the customers, adequate notice that an automatic gratuity or service charge is also included.

86.     Defendants' acts and omissions constitute violations of Fla. Stat. § 509.214, found under Title XXXIII which sets forth the Regulation of Trade, Commerce, Investments, and Solicitations.

87.     Fla. Stat. § 509.214 is a rule or regulation related to trade or commerce that requires the disclosure of certain automatic charges that a customer must pay.

88.     Defendants own, operate, manage, franchise and/or control businesses located in Miami-Dade County, as defined under Miami-Dade County Code of Ordinances, Sec. 8A-110.1(1).

89.     Defendants' violate the Miami-Dade County Code of Ordinances by failing to provide notice of automatic, mandatory service charges or gratuities applied to customers' bills, conspicuously posted on a sign or in a statement on the restaurants' menus, in the same form and manner as the other items on the menus, written in a legible manner in English, Spanish and Creole.

90.     Where Defendants do provide notice that an automatic, mandatory service charge or gratuity will be applied to customers' bills, such notice is written only in English, in small, difficult to read, often italicized type that is smaller than the type used to list the other items on the menus.

91.     Defendants' acts and omissions for those restaurants located in Miami-Dade County constitute violations of Miami-Dade County Code of Ordinances, Sec. 8A-110.1(1), Ord. No. 99-163.

92.     Miami-Dade County Ord. No. 99-163 is a rule or regulation related to trade or commerce that requires disclosure of certain automatic charges that a customer must pay.

93.     FDUTPA provides in § 501.203(3)(c) that a violation may be based upon "any law, statute, rule, regulation, or ordinance" which proscribes such conduct in trade or commerce.

94.     As a result, Defendants' systemic failure to provide notice of the inclusion of automatic, mandatory gratuities or service charges to customers' checks in the statutorily prescribed manner constitutes *per se* violations of FDUTPA.

95.     As a direct and proximate result of Defendants' *per se* violations of FDUTPA, Plaintiff and Class members suffered actual damages and are entitled to obtain the relief requested as set forth below.

### COUNT III
### Declaratory Judgment

96.     FDUTPA provides in § 501.211 that "anyone aggrieved by a violation of this part may bring an action to obtain declaratory judgment that an act or practice violates this part."

97.     Defendants' acts and omissions as described above constitute violations of FDUTPA, entitling Plaintiff and Class Members to a judgment declaring Defendants' conduct to be in violation of Florida law as alleged.

## COUNT IV
### Injunctive Relief

98.     FDUTPA provides in § 501.211 that "anyone aggrieved by a violation of this part may bring an action . . . to enjoin a person who has violated, is violating, or is otherwise likely to violate this part."

99.     Defendants' acts and omissions as described above constitute violations of FDUTPA, entitling Plaintiff and Class Members to injunctive relief directing Defendants to discontinue the unlawful acts and practices alleged by conspicuously placing notice on the menus and the face of bills provided to customers that automatic gratuities or service charges will be included, or alternatively, to no longer add automatic gratuities or service charges to customers' bills.

## VII.     DEMAND FOR JURY TRIAL

100.     Plaintiff demands a trial by jury on all claims and issues so triable.

## VIII.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted against Defendants with the entry of an order:

A.     certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class;

B.     entering a judgment declaring that Defendants' acts and omissions as described above are in violation of Florida law as alleged;

C.     an injunction directing Defendants to discontinue the unlawful acts and practices by conspicuously placing notice on menus and the face of bills provided to customers that automatic gratuities or service charges will be included, or, alternatively, to no longer add

automatic gratuities or service charges to customers' bills;

      D.     awarding actual damages;

      E.     awarding reasonable attorneys' fees, costs and prejudgment and post-judgment

interest pursuant to law; and

      F.     granting such other and further relief as may be just and proper.


                            Respectfully submitted,

Dated: October 21, 2020              **LAURA MARIE GERMAK**

                  By:    *s/ David M. Marco*       
                          Attorney for Plaintiff

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com

**FRANCIS & MAILMAN, P.C.**
James A. Francis (*pro hac vice forthcoming*)
1600 Market Street, Suite 2510
Philadelphia, PA 19103
T: (215) 735-8600
F: (215) 940-8000
jfrancis@consumerlawfirm.com

**LEWIS SAUL & ASSOCIATES, P.C.**
Lewis J. Saul (*pro hac vice forthcoming*)
29 Howard Street, 3rd Floor
New York, NY 10013
T: (212) 376-8450
F: (212) 376-8447
lsaul@lewissaul.com

*Attorneys for Plaintiff and the Class*